PER CURIAM.
Plaintiff wife seeks appellate review of a final judgment granting her a divorce from her defendant husband, making a division of the property accumulated by the parties during their marriage, and awarding her custody of and support for two minor children born of the marriage.
The evidence establishes without dispute that at the time this action was commenced defendant husband withdrew the entire fund deposited in a joint savings account of the parties to which they were equally entitled. By the final judgment the trial court awarded plaintiff certain described properties equivalent in value to her one-half of the joint savings account wrongfully appropriated by defendant in addition to other property equivalent to one-half of the total property owned and accumulated by the parties during their marriage. Appellant charges error because of the failure of the trial court to award her interest on her one-half of the joint savings account from the date it was wrongfully withdrawn by defendant to the date of final judgment. By its findings of fact and conclusions of law the trial court made no specific explanation as to its reasons for denying interest on plaintiff’s share of the savings account. The judgment does reflect, however, that at the request of the parties one of the homes owned by them was awarded to plaintiff and another home .awarded to defendant. The home awarded to plaintiff had a stipulated value of something in excess of $3,500.00 over the stipulated value of the home awarded defendant. It is our view that this discrepancy in plaintiff’s favor, together with financial contributions made by appellee to the property of the parties during the pendency of this proceeding, offsets the loss of interest on her share of the savings account and constitutes an equitable solution of the question.
Plaintiff also complains that the division of property effectuated by the trial court in its final judgment apportions to her real estate encumbered by mortgages, whereas the property apportioned to defendant is lightly encumbered and he is permitted to retain the entire joint savings account withdrawn by him at the commencement of the suit. Had we been sitting as the trier of the facts we may have made a division of the property between the parties on a basis more to the liking of appellant, but the record fails to demonstrate that the discretion exercised by the trial court in this regard was either arbitrary, capricious, or constitutes an abuse of judicial power.[1]
*110 Lastly, appellant contends that the trial court abused its discretion in awarding the sum of only $75.00 monthly child support for the two minor children placed in her custody, particularly in view of the fact that the judgment denies her any allowance for alimony as prayed for by her. In view of the substantial value of the capital assets shown by the record to be owned by defendant husband together with his established income, and taking into account the needs of the children, it is our view that the award for child support made by the final judgment appealed herein is grossly inadequate. That portion of the judgment awarding child support is reversed and the cause remanded with directions that an allowance of $125.00 monthly be made for the support of the remaining unmarried minor child whose custody has been awarded appellant. In all other respects the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, and RAWLS, JJ., concur.

. Old Equity Life Ins. Co. v. Levenson, (Fla.App.1965) 177 So.2d 50; Stoller v. Jaffe, (Fla.App.1961) 125 So.2d 310.